JOSEPH L. PRAGER, Respondent, *v.* NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant. (Actions Nos. 1 and 2.)

First Department, June 21, 1926.

**Attorney and client — compensation — compensation for services in one hundred and sixty-eight separate actions involving thirty-eight trials.**

In an action by an attorney to recover compensation for services rendered in one hundred and sixty-eight separate actions involving thirty-eight trials, the attorney's compensation, including costs and disbursements, is fixed at $35,908.29.

APPEAL in each action by the defendant, New Jersey Fidelity and Plate Glass Insurance Company of Newark, New Jersey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of February, 1925, *nunc pro tunc* as of the 6th day of February, 1925, upon the report of a referee appointed to hear and determine the whole issues.

*Lyman A. Spalding* of counsel [*Spalding & McCabe*, attorneys], for the appellant.

*James B. Henney* of counsel [*William A. Hyman* and *Theodore Lord* with him on the brief], for the respondent.

PER CURIAM. These are two actions brought by an attorney and counselor at law for the reasonable value of professional services rendered and disbursements incurred at the request of the defendant company.

Action No. 1 is based upon plaintiff's amended complaint and covers professional services rendered between January 4, 1916, and February 28, 1920, consisting of services performed in 144 separate court actions, in which thirty-six trials and five appeals took place, and for such services, including disbursements, the plaintiff claims and demands in his said amended complaint the sum of $52,740.10. The referee made as an award for the fair and · reasonable value of such services the sum of $30,500, and allowed as disbursements the additional sum of $200.85. Upon the referee's report and decision judgment was entered for that amount in which interest was allowed from certain dates specified by the referee in his report, and the costs and disbursements of action No. 1 were duly taxed at $7,155.20.

In action No. 2 the plaintiff sues for the reasonable value of professional services rendered to the defendant and for disbursements incurred between January 4, 1916, and April 30, 1920, said services covering twenty-four separate court actions in which two trials occurred. For such services the plaintiff claims $18,511.23 as their fair and reasonable value and $87.50 as disbursements incurred. The referee awarded the plaintiff the sum of $9,500 as the fair and reasonable value of such services, together with $41.96 as disbursements incurred. Upon the referee's report and decision upon February 6, 1925, judgment was entered for that amount, together with interest thereon, as allowed by the referee from April 30, 1920, and for the further sum of costs duly taxed at $2,281.03.

From the above judgments the defendant appeals to this court.

We have carefully examined these voluminous records and the appellant's exhaustive brief, as well as the brief of plaintiff respondent, and agree with the referee in his opinion that the plaintiff failed correctly to appraise the reasonable value of his services in either of these actions.

We do not, however, agree with the amounts fixed and awarded by the referee as the fair and reasonable value of the services rendered by the plaintiff either in action No. 1 or in action No. 2.

After full and careful consideration we find and determine that the fair and reasonable value of the services performed and disbursements incurred and paid by the plaintiff and embraced within action No. 1 is $21,930.10, on which sum no interest is allowed. In addition the plaintiff is entitled to the costs and disbursements already taxed amounting in action No. 1 to the sum of $7,155.20. The judgment in action No. 1 should, therefore, be modified by reducing the amount thereof as entered to the sum of $29,085.30, and as so modified affirmed, without costs of this appeal.

In action No. 2 we find and determine that the fair and reasonable value of the services performed by the plaintiff and embraced within action No. 2 is $4,500, together with the sum of $41.96 for disbursements expended, as found by the referee, making a total of $4,541.96, on which sum no interest is allowed. In addition the plaintiff is entitled to the costs and disbursements already taxed, amounting in action No. 2 to the sum of $2,281.03. The judgment in action No. 2 should, therefore, be modified by reducing the amount thereof as entered to the sum of $6,822.99, and as so modified affirmed, without costs of this appeal.

Present — CLARKE, P. J., MERRELL, FINCH, MARTIN and WAGNER, JJ.

In action No. 1, judgment modified by reducing the amount thereof as entered to the sum of $29,085.30, and as so modified affirmed, without costs of this appeal. Settle order on notice.

In action No. 2, judgment modified by reducing the amount thereof as entered to the sum of $6,822.99, and as so modified affirmed, without costs of this appeal. Settle order on notice.